IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WINDER LEON BOSTIC and JENNIFER BOSTIC, | * * * | RECEIVED<br>APR 28 2006<br>CLERK<br>U.S. DISTRICT COURT<br>MIDDLE DIST. OF ALA. |
| Plaintiff, | * | |
| v. | * * | CASE NO.:CV 1:06CV390-SRW |
| FLEETWOOD HOMES OF GEORGIA, INC., WAYNE FRIER HOMES CENTER OF DOTHAN, LLC, et al. | * * * * * | |
| Defendants. | * * | |

## NOTICE OF REMOVAL

COMES NOW the defendant, Fleetwood Homes of Georgia, Inc., by and through its undersigned counsel, and without waving its right or intent to compel binding arbitration, gives notice of removal of the above-styled action from the Circuit Court of Houston County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division. As grounds for its removal, the defendant avers the following:

1. Upon information and belief, the plaintiffs, Winder Leon and Jennifer Bostic, are citizens of the state of Alabama and reside in Houston county.

2. Defendant, Fleetwood Homes of Georgia, Inc., is a Georgia corporation with its principal place of business in Georgia.

3. Defendant, Wayne Frier Homes Center of Dothan, LLC, is an Alabama corporation with its principal place of business in Alabama.

4. On or about March 28, 2006, the above-styled action was commenced against Defendants in the Circuit Court of Houston County, Alabama.

5. To Fleetwood Homes of Georgia, Inc.'s best knowledge and belief, Defendant Wayne Frier has been served with the Summons and Complaint.

6. Defendant Fleetwood Homes of Georgia, Inc. was served with the Summons and Complaint on April 3, 2006. A copy of the Complaint and Summons is attached hereto as Exhibit "A".

7. Other than the plaintiffs filing of the Summons and Complaint, no other proceedings have taken place in the state court as to this matter.

8. This action is subject to removal as the complaint specifically invokes and attempts to assert claims under the Federal Magnuson-Moss Warranty-Federal Trade Commission Improvements Act (the "Magnuson-Moss Act"), 15 U.S.C. § 2301 *et seq*. Specifically, Count VI of the complaint is one alleging violation of the Magnuson-Moss Warranty Act. The prayer for relief of Count VI requests damages which Plaintiff may be entitled to pursuant to 15 U.S.C. § 2310(d)(2). Therefore, the complaint includes claims governed and necessarily arising under the Act of Congress known as the "Magnuson-Moss Warranty-Federal Trade Commission Improvements Act." 15 U.S.C. § 2301 et seq.

9. The amount in controversy in this case is not less than $50,000.00 (exclusive of interests and costs). The purchase price of the home at issue, together with the costs of delivery and setup, dealer-installed options, taxes, and finance charges, clearly exceed $50,000.00; therefore, pursuant to 15 U.S.C. § 2310 (d) (3) (B), plaintiff's Magnuson-Moss Act claims undoubtedly total at least $50,000.00. The plaintiffs specifically state that the amount in controversy is in excess of $50,000. (Complaint ¶ 43). Further, the plaintiffs have requested punitive damages in this matter. See Count V.

10. In Steele v. Underwriters Adjusting Co., the court was confronted with the removal of a state court complaint seeking unspecified punitive damages and demanding "judgment against the Defendants in the [sic] amount to be fairly ascertained by the jury." 649 F.Supp. 1414, 1415 (M.D.Ala. 1986). In the case *sub judice,* a demand is made for "an amount which the jury deems appropriate." Also, the Complaint seeks recovery for worry, anxiety, distress and mental anguish. (Complaint ¶ 11). The Steele court rejected the plaintiff's belated argument that the amount in controversy was less than $10,000 (now $75,000.00 for diversity actions), recognizing in such cases that a court "may turn to the petition for removal to ascertain the amount in controversy." Id. at 1416. In so doing, the Steele court held:

> "To allow [a plaintiff claiming unspecified damages to avoid federal jurisdiction] would violate this Court's notions of procedural fair play. A plaintiff should not be allowed to deprive a defendant of his right to remove through artful pleading practices...The plaintiff should not be allowed to rob [a defendant] of its right to remove by demanding such damages as may be [']fairly ascertained by the jury[']. Permitting such practice allows the Plaintiff to [']have his cake and eat it too.['] In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for the jury to return a verdict well in excess of [the statutory amount]. Such an approach is simply unfair and will not be permitted by this court.

Id. at 1416.

11. Juries in Alabama regularly award damages in excess of $75,000.00 in cases alleging manufactured home defects. For example, in Southern Energy Homes, Inc. v. Washington, 774 So.2d 505 (Ala. 2000), the jury awarded $375,000.00 in compensatory damages and in Horton Homes, Inc. v. Brooks, 832 So.2d 44 (Ala. 2001), the jury awarded $150,000.00 in compensatory damages.

12.     Plaintiffs claim an unspecified amount of damages. The amount-in-controversy requirement for federal jurisdiction may be satisfied by a demand for damages if it is possible under state law for a jury to award the jurisdictional amount. Ryan v. State Farm Mutual Automobile Insurance Co., 934 F.2d 276, 277 (11th Cir. 1991). Unlike the Complaint filed in Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994), the plaintiffs in this case have not imposed a cap on the damages claim.

13.     Allegations of "mental anguish" and "emotional distress" as a result of the alleged breach of warranty have also been alleged. (Complaint ¶ 11 and 25). Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from allegations of breach of warranty. Verdicts well in excess of $75,000 have been rendered against corporate defendants, particularly out-of-state corporations, in such breach of warranty actions. See e.g., Horton Homes, Inc. v. Brooks, 832 So.2d 44(Ala. 2001) (Complaint, as amended, alleging breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, negligent construction, wanton construction, negligent repair, wanton repair, fraudulent concealment, misrepresentation, misleading warranty under Magnuson-Moss Warranty Act, breach of warranty, and violation of the Magnuson-Moss Warranty Act, and allegations that purchaser had approximately $12,000 in actual economic loss, plaintiff awarded $150,000 in compensatory damages, together with his costs of $5,340.03 and attorney fees of $34,612.50 plus punitive-damages award of $150,000 (after a remittitur of $450,000); Southern Energy Homes, Inc. v. Washington, 774 So.2d 505 (Ala. 2000) (On claims of breach of implied and express warranty, damage award of $375,000.00, a substantial portion of which was for mental anguish damages, was affirmed by Supreme Court of Alabama).

14. The Magnuson-Moss Warranty Act authorizes jurisdiction of the United States District Court over this action pursuant to 15 U.S.C. § 2310 (d). Consequently, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

15. The remaining claims asserted in the complaint are within the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

16. This action is removable to this court pursuant to 28 U.S.C. § 1441 (b). The state law claims are not separate and independent from the federal claims, and thus the remand of the state law claims is not permissible under 28 U.S.C. § 1441 (c). See, e.g., In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996). Furthermore, the state law claims, if any, do not fall within any of the limited exceptions enumerated in 28 U.S.C. § 1367 (c) as instances in which the district court could exercise its discretion to decline supplemental jurisdiction.

17. This petition is filed with this Honorable Court within 30 days of service on Defendant of Plaintiffs' Complaint.

18. Notice of the defendant's removal of the above-styled action has been given to the Clerk of the Circuit Court of Houston County, Alabama, and to the plaintiffs as required by 28 U.S.C. § 1446(d). See Exhibit "B" attached hereto.

19. Wayne Frier joins in and consents to the removal of this action to this Honorable Court. See Exhibit "C".

WHEREFORE, Defendant has removed this action from the Circuit Court of Houston County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division.

*[signature]*

WINSTON W. EDWARDS (137576)
DAVID C. HILYER (293823)
Attorneys for Defendant
Fleetwood Homes of Georgia, Inc.

OF COUNSEL:

CRADDOCK RENEKER & DAVIS, LLP
4142 Carmichael Road, Suite C
Montgomery, AL 36106-2802
(334) 215-3064      Telephone
(334) 215-7843      Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing upon all counsel of record as <u>listed below</u> by placing same in the United States Mail, properly addressed and first class postage prepaid on this the **28** day of **April**, 2006.

*[signature]*
OF COUNSEL

Samuel L. Adams, Esq.
P.O. Box 1690
Dothan, AL 36302

Andy Donaldson
Slaten & O'Conner
105 Tallapoosa St.
Montgomery, AL 3610